**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

**BRITTANY BROWN,**

**Plaintiff,**

**v.**

**EMORY HEALTHCARE,**

**Defendant.**

**CIVIL ACTION FILE
NO. 1:25-CV-05502-JPB-JEM**

**ORDER**

Pending before the Court is Plaintiff's application to proceed *in forma pauperis* (IFP). (Doc. 1.) For the below reasons, Plaintiff's IFP application is **GRANTED**. The Court finds, however, that Plaintiff's complaint, as it is currently pleaded, is insufficient to survive frivolity review under 28 U.S.C. § 1915(e)(2)(B). Plaintiff is, therefore, **ORDERED** to file an amended complaint in accordance with the instructions, and correcting the deficiencies, stated herein within **30 days** from entry of this Order.

## I. IFP APPLICATION

### A. Standard

The Court "may authorize the commencement […] of any suit, action, or proceeding […] without payment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner [or non-

prisoner][1] possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a). This section is intended to provide indigent litigants with meaningful access to courts. *Denton v. Hernandez*, 504 U.S. 25, 27 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *see also Attwood v. Singletary*, 105 F.3d 610, 612 (11th Cir. 1997) (§ 1915 is designed to ensure "that indigent persons will have equal access to the judicial system."). When considering an IFP application, the court's "only determination . . . is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez*, 364 F.3d at 130 (internal quotes and citations omitted). An IFP application is sufficient "if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Id.*; *Thomas v. Chattahoochee Judicial Circuit*, 574 F. App'x 916, 917 (11th Cir. 2014) (Before denying an IFP application, the court must first compare the litigant's assets and liabilities "to determine whether he has satisfied the poverty requirement."). "Courts routinely look to household income and assets in gauging ability to pay, regardless of whether the plaintiff's spouse is or is not a party." *David v. Dep't of the Army*, No. 1:20-CV-01619-JPB, 2020 WL 9595479, at *2 (N.D. Ga. Apr. 21, 2020), report and recommendation adopted, 2020 WL 9595489 (N.D. Ga. May 12, 2020); *Sellers v. United States*, 881 F.2d 1061, 1063 (11th Cir.

---

[1] Although Congress used the word "prisoner" here, the affidavit requirement of § 1915(a)(1) applies to non-prisoner indigent litigants as well as prisoners. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004) (citing *Haynes v. Scott*, 116 F.3d 137, 140 (5th Cir. 1997) and *Floyd v. United States Postal Serv.*, 105 F.3d 274, 275 (6th Cir. 1997)).

1989) ([t]he fact that the petitioner's funds are derived from family sources does not compel the conclusion that the filing fee is due to be waived").

It bears emphasizing that § 1915 creates no absolute right to proceed in civil actions without payment of costs. *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986); *Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969).[2] Instead, the statute conveys a privilege to proceed to those litigants unable to pay costs without undue hardship when the action is not frivolous or malicious, and the "permission to so proceed is committed to the sound discretion of the court." *Camp*, 798 F.2d at 437; *Startti*, 415 F.2d at 1116. While the privilege of proceeding IFP does not require a litigant to demonstrate absolute destitution, "something more than mere statement and an affidavit that a man is 'poor' should be required before a claimant is allowed to proceed in forma pauperis." *Levy v. Federated Dep't Stores*, 607 F. Supp. 32, 34 (S.D. Fla. 1984) (quoting *Evensky v. Wright*, 45 F.R.D. 506, 507-08 (N.D. Miss. 1968)).

**B. Discussion**

Here, Plaintiff states that her average monthly income during the past 12 months was $3,236 from employment and $360 from child support, totaling $3,596, but she states that her current employment position is not permanent, and that the income expected next month is $3,050 from employment and $360 from child support, totaling $3,410. (Doc. 1 at 1-2, 5.) Plaintiff does not list any

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit rendered prior to the close of business on September 30, 1981.

assets, or bank accounts, but states that she has $120 cash, and she also states that she supports a nine-year-old son. (*Id*. at 2-3.) Plaintiff lists monthly expenses that total $3,244 as follows: $1,800 for rent; $275 for utilities; $200 for food; $250 for car insurance; and $719 for car payment. (*Id*. at 4-5.) Given Plaintiff's representations, including that her monthly expenses are almost equal to her monthly income, her current employment is not permanent, she supports a minor child, and she has only $120 in extra funds, the Court finds that Plaintiff qualifies to proceed IFP. The Court, therefore, **GRANTS** Plaintiff's IFP application. (Doc. 1.)

## II. FRIVOLITY REVIEW

### A. Standard

Upon finding that an IFP affidavit is "sufficient on its face to demonstrate economic eligibility," the Court must "then proceed to the question . . . of whether the asserted claim is frivolous." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (alteration in original) (quoting *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976)). Under 28 U.S.C. § 1915(e), a court must dismiss an indigent litigant's complaint if the court determines that it: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Libertad v. Massachusetts*, No. 1:21-CV-03888-SDG, 2022 WL 1136727, at *1 (N.D. Ga. Apr. 18, 2022). "A claim is frivolous if and only if it 'lacks an arguable basis either in law or in fact.'" *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). And a

plaintiff does not state a claim under § 1915(e)(2)(B)(ii) "when the facts as pleaded do not state a claim for relief that is 'plausible on its face.'" *Thompson v. Fernandez Rundle*, No. 10-10029, 2010 WL 3279158, at *2 (11th Cir. Aug. 20, 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim is facially plausible when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Iqbal*, 556 US. at 678. This plausibility standard is not a "probability requirement," but it requires more than a "sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (explaining that, although the Rule 8 pleading standard does not require "detailed factual allegations," it "demands more than an unadorned, the-defendant-unlawfully-harmed me accusation").

The Court's power to dismiss a claim for frivolity differs, and in some ways supersedes, the power to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Miller*, 541 F.3d at 1100 (citing *Neitzke*, 490 U.S. at 327). The purpose of frivolity review is to filter the lawsuits of non-paying litigants through a screening process that is functionally similar to the one created by the financial disincentives, which help deter the filing of frivolous lawsuits by paying litigants. *Cofield v. Alabama Pub. Serv. Comm'n*, 936 F.2d 512, 515 (11th Cir. 1991). Frivolity review eliminates far-fetched cases because, unlike Rule 12(b)(6) motions, a Court performing a frivolity review is not required to assume the truth of the allegations. *Cofield*, 936 F.2d at 515 (citing *Neitzke*, 490 U.S. at 327); *see also Miller*, 541 F.3d at 1100 (courts have the "unusual power to pierce

the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless").

In the event that a claim is arguable, but ultimately will be unsuccessful, however, it must be treated like claims brought by paying litigants and should survive frivolity review. *Cofield*, 936 F.2d at 515. Cases that lack an arguable basis in law or fact are those cases which are "indisputably meritless." *Cofield*, 936 F.2d at 515 (citing *Neitzke*, 490 U.S. at 327). Non-frivolous but weak cases should be dealt with on motions to dismiss and motions for summary judgment. *Cofield*, 936 F.2d at 515. Thus, a complaint may fail to state a claim under Rule 12(b)(6), yet not automatically be frivolous, and conversely, a claim capable of surviving a Rule 12(b)(6) motion may nevertheless be dismissed as frivolous because the factual allegations are so far-fetched or baseless. *Cofield*, 936 F.2d at 515 (citing *Neitzke*, 490 U.S. at 327). In other words, the fact that a claim survives a frivolity review does not mean that the claim ultimately has merit. *Murphy v. Warren*, No. 1:12-CV-3317-WSD, 2015 WL 363023, at *6 n.1 (N.D. Ga. Jan. 27, 2015) (noting that "the Court's initial frivolity screening review, which was undertaken before Defendants were served and appeared, does not preclude a subsequent deeper analysis of whether the Complaint states a claim with the assistance of fully-briefed motions under Rule 12(b)(6)").

Further, though pro se complaints are liberally construed, *Douglas v. Yates*, 535 F.3d 1316, 1320 (11th Cir. 2008), a "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'"

*Leonard v. F.B.I.*, 405 F. App'x 386, 387 (11th Cir. Dec. 14, 2010) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A court is under no duty to "re-write" a pro se plaintiff's complaint to find a claim. *Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993); *see also Lampkin-Asam v. Volusia Cnty. Sch. Bd.*, 261 F. App'x 274, 277 (11th Cir. Jan. 9, 2008) (holding that leniency in construing pro se pleadings "does not permit the district court to act as counsel for a party or to rewrite deficient pleadings") (citing *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)).

**B. Discussion**

Here, Plaintiff attaches two separate complaints to her IFP application. (Doc. 1-1 at 1-3 (first complaint); Doc. 1-1 at 4-13 (second complaint).) From what the Court can discern, Plaintiff is alleging disability discrimination in the first complaint, and both race discrimination and disability discrimination, in the second complaint. (*Id*.) Plaintiff includes a copy of the right-to-sue notice she received from the Equal Employment Opportunity Commission (EEOC), (Doc. 1-1 at 14), but she does not attach a copy of her EEOC charge, so it is unclear if she exhausted both race discrimination and disability discrimination claims as she is required to do in order to proceed on both. And regardless, Plaintiff is required to file **ONE** complaint that clearly sets forth **ALL** of her claims.

Accordingly, the Clerk is **DIRECTED** to **STRIKE** Plaintiff's prior complaints, (Doc. 1-1 at 1-13), and Plaintiff is **ORDERED** to file an amended complaint within **30 days** from entry of this Order. For the amended complaint, Plaintiff must adhere to the following guidelines:

- Provide a ***brief*** factual background section with specific, non-conclusory factual allegations that directly pertain to this case, suggest support for the required elements of each claim, and are presented in logical order (which may or may not be chronological) in individually numbered paragraphs;

- Allege the basis for federal jurisdiction;

- Attach a copy of the Charge(s) of Discrimination filed with the EEOC;

- Attach a copy of the Right-to-Sue Notice(s) received from the EEOC, and state the date that Plaintiff ***received*** the notice(s);

- Allege each cause of action under a separate count, and each individual count may only be based on a single legal claim or legal basis for recovery;

- For each count, provide the relevant statute and, if applicable, the particular provision(s) of the statute violated;

- Do not incorporate by reference the facts or allegations contained in preceding paragraphs, or incorporate all factual paragraphs into each count. Instead, Plaintiff must indicate which of the factual paragraphs support each individual count alleged; and

- Include every defendant Plaintiff wishes to proceed against, and if more than one defendant is named in the amended complaint, for each count, Plaintiff must specifically name which defendant or defendants are responsible for the violation alleged in the count, and provide the facts supporting the claim for each particular defendant.

Plaintiff is **ADVISED** that the amended complaint will supersede the prior complaints, and she therefore must assert in the amendment **ALL** claims that she wishes to proceed upon; <u>the Court will not read multiple complaints in tandem</u>. The amended complaint must not only comply with the specific direction set forth above**, it must also comply with Rules 8, 10 and 11 of the Federal Rules of**

**Civil Procedure**. The Federal Rules of Civil Procedure and the Local Rules of this Court are available on the Court's website at *http://www.gand.uscourts.gov*. Pro se plaintiffs may also obtain certain basic form materials and hand-outs, including complaint forms,[3] from the Court's website, or from the Office of the Clerk of Court, located on the 22nd Floor of the United States Courthouse, 75 Ted Turner Drive, S.W., Atlanta, Georgia 30303, and they may utilize the law library located in the Elbert P. Tuttle Courthouse, 56 Forsyth Street, N.W., Atlanta, Georgia. Plaintiff is reminded, however, that the Clerk and his deputies are not allowed to give legal advice.

## III. CONCLUSION

For the above reasons, Plaintiff's IFP application, (Doc. 1), is **GRANTED**. The Clerk is **DIRECTED** to **STRIKE** Plaintiff's prior complaints, (Doc. 1-1 at 1-13), and Plaintiff is **ORDERED** to file an amended complaint within **30 days** from entry of this Order. Plaintiff is further **ADVISED** that failure to comply with the terms of this Order shall result in a recommendation to the District Judge that this action be dismissed.

**SO ORDERED** October 1, 2025.

J. Elizabeth McBath

J. ELIZABETH McBATH
UNITED STATES MAGISTRATE JUDGE

---

[3] Plaintiff may use the Court's pro se employment discrimination complaint form if she chooses to do so, but she still must provide facts that support her claims; she must attach copies of both her EEOC charge and right-to-sue notice; and she must include ALL of the claims she wishes to pursue in one complaint, as discussed.